Opinion Issued June 26, 2008












Opinion Issued June 26, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00679-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EDMOND BRIAN FRANK, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 06CR3147

 








 



O P I N I O N

          Appellant Edmond Frank pleaded not
guilty to constructive delivery of a controlled substance, cocaine, in an
amount less than one gram.  See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). 
The jury found Frank guilty, and the trial court sentenced him to two
years’ confinement.  In three issues,
Frank challenges the legal and factual sufficiency of the evidence supporting a
constructive delivery and contends that the trial court incorrectly charged the
jury on constructive transfer.  We
reverse and render a judgment of acquittal.

Background

          On July 31,
2006, Texas City
police officers conducted an undercover operation aimed at street-level
offenders.  Undercover officer J. Allen
conducted the investigation in a pick-up truck equipped with video and audio monitoring
devices.  Allen drove up to a man, later
indentified as Mr. Cross, in a convenience store parking lot, and asked Cross
for $20 worth of “hard work,” a street term for crack cocaine.  Allen offered Cross $5 for connecting him
with someone that could provide the cocaine. 
Cross and Cross’s wife got in Allen’s truck, and Cross directed Allen to
a house in the neighborhood.  At the
first house, Cross left the truck, went into the house, and then returned, having
unsuccessfully obtained any cocaine. 
Cross then directed Allen to a second residence.  Upon arriving at the second house, Cross got
out of the car, and Frank, who lived at the house, came out to meet him.  The two spoke for a moment before Frank
removed some crack cocaine from his pocket and handed it to Cross.  Cross then paid Frank $20, Frank left, and
Cross returned to the truck, where Allen and Cross’s wife waited.  Once inside the truck, Cross handed the
cocaine to Allen.  The entire exchange
was recorded on the audio and video surveillance, and officers tailing Allen
witnessed it.  Following the exchange,
Allen drove Cross back to a convenience store and dropped him and his wife
off.  Police later arrested both Frank
and Cross.  The State charged Frank with
“knowingly deliver[ing], by constructive transfer, to John Allen, a controlled
substance, namely, cocaine, in an amount less than one gram . . . .”  The State did not charge Frank with delivery
of cocaine to Cross.

Legal and Factual Sufficiency

          Frank contends that the evidence is
legally and factually insufficient to support a guilty verdict based on
delivery by constructive transfer to Allen because the State did not present
any evidence that Frank knew or contemplated that the cocaine would be
delivered to a third-party, namely Allen, as the State charged in the
indictment.  In particular, Frank
observes that nothing in the record connects him to the delivery of cocaine to
Allen and that the State did not charge him with delivery to Cross.

Standard of Review

When evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798
(Tex. Crim. App. 2005).  The standard is the same for both direct and
circumstantial evidence cases.  King
v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 


Constructive Transfer

          To prove the offense of delivery of a controlled substance,
the State must prove that the defendant knowingly or intentionally delivered a
controlled substance.  Tex. Health & Safety Code Ann. §
481.112(a) (Vernon 2003).  “Delivery”
means “to transfer, actually or constructively, to another a controlled
substance . . . regardless of whether there is an agency relationship.”   Tex.
Health & Safety Code Ann. § 481.002(8).  “Transfer” has been described as “a voluntary
relinquishment of possession of another.” 
Thomas v. State, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992).  

The Health and Safety Code does not
define constructive transfer, and the Court of Criminal Appeals has not expressly
defined it.  Sims v. State, 117 S.W.3d 267, 273–74, 275 (Tex.
Crim. App. 2003).  Though not exhaustive,
the court in Sims outlined two types
of conduct that constitute a constructive transfer.  See id.  

The first is “for the transferor to
instruct the recipient on the location of the contraband.”  Id. at 277–78.  “[I]f the contraband is already in place, the
constructive transfer is complete at the time the transferor gives the
instruction.”  Id.  In Sims, an undercover officer asked the defendant for the drugs, and
the defendant responded by pointing to a foil wrapped package near a tree.  Id. at 268.  The
undercover officer took the package, discussed the price with Sims, and paid
for it.  Id.  The court of criminal appeals explained that
a “constructive transfer occurred when appellant informed the undercover
officer of the cocaine’s location.”  Id. at 270.  The court further noted that an “actual
transfer occurred when the undercover officer actually retrieved the
contraband.”  Id.  The court held the same set of facts could
support both a constructive delivery and an actual delivery.  See id.

The second is for the transferor of
the contraband to give it to an intermediary, who then transfers it to the
ultimate transferee, and the transferor “contemplated that there would in fact
be a third party transferee.”  Id. at 277.   When the transfer occurs in this way, the
evidence must show that (1) the transferor has either direct or indirect
control of the substance transferred and (2) the transferor knows of the
existence of the transferee before delivery. 
Id.
(citing Daniels, 754 S.W.2d at
221).  It is not required, however, that
the transferor know the identity of, or be acquainted with, the ultimate
recipient.  Id. at 276.

Here, the jury charge instructed the
jury to find Frank guilty if the evidence showed that, by constructive transfer,
he delivered the cocaine to Allen.  The
charge defined constructive transfer as “the transfer of a controlled substance
either belonging to an individual or under his direct or indirect control by
some other person at the instance or direction of the individual accused of
such constructive transfer.”  The charge
thus attempted to instruct the jury on the second type of  constructive transfer, although it omitted the
requirement that the transferor know of the existence of the transferee before
delivery.  See id.  We apply a hypothetically
correct jury charge in determining the legal sufficiency of the evidence.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Thus, under Sims, to uphold the conviction against Frank, some evidence in the
record must show that (1) Frank had either direct or indirect control of the
substance transferred and (2) Frank knew of the existence of a third party
recipient of the cocaine when he delivered it to Cross.  See
Sims, 117 S.W.3d at 277.  The
evidence need not show, however, that Frank knew Allen’s actual identity, nor
that Frank was acquainted with Allen.  See id. at 276.

  Viewing the evidence in a light most favorable to the jury’s verdict, the
evidence shows that Frank handed cocaine to Cross.  Cross returned to the vehicle and once inside,
handed the cocaine to Officer Allen.  When
Frank handed the cocaine to Cross, Frank had actual control of the
cocaine.  This evidence satisfies the
first requirement for a constructive transfer—Frank exhibited direct control of
the cocaine that was transferred.  See id. at 277.

The record contains no evidence,
however, of the second prong—that Frank knew of the existence of Allen upon
delivering the cocaine to Cross.  On
similar facts, the Court of Criminal Appeals found the evidence to be legally
insufficient in a case styled Gonzalez v.
State, 588 S.W.2d 574, 575–76 (Tex. Crim. App. 1979).  The Court of Criminal Appeals explained the
facts in Gonzalez, as follows:

Specifically, Galvan testified that after they arrived
at the premises in his automobile he gave Montoya money to purchase heroin and
remained in the car while he observed Montoya “walk up to the front door,
knocked on it, and the defendant at this time opened the door and stood there
in the doorway” and after talking to Montoya briefly “defendant went back
inside the house, left the door open, and Montoya stood outside the
doorway.  He went back inside and was
gone about four minutes, probably at most, he came back, handed Montoya [sic]
he handed him something that I could see. 
Montoya handed him the money that I had given him, and the defendant
walked back inside the door.  Montoya
walked toward me” and after he got in the car still occupied by Galvan, Montoya
“handed me the small tin foil packet.”

 

Id. at 576.  The court noted the absence of conversation
between Montoya and Gonzalez to show that the contraband was purchased for
someone other than Montoya.  Id.  The court explained that there was no
“suggestion in the record that appellant knew that heroin was being purchased
by Montoya on behalf of a third person.” 
Id.
at 577–78.

As in Gonzalez, the record here (1) does not include evidence of the
content of the conversation between Frank and Cross, (2) shows that the
transaction took place near the car of a third person (Allen) but without his
involvement, and (3) does not show that Frank had any contact or discussion
with Allen before the transaction.  See id. at 576.  In the video recording taken from Allen’s
truck, Cross exits the vehicle, converses with Frank, completes the drug
transaction, and then returns to the truck. 
During the events, Cross and Frank stand outside, near the passenger
door of Allen’s truck.  Allen sits in the
driver’s seat, with the doors and the passenger window closed.  Neither Cross nor Frank addressed Allen during
the exchange.  There is no audio
recording of the conversation between Frank and Cross, and all of the officers
at trial testified that they could not hear their conversation.  Cross did not testify.  We therefore do not know whether Cross told
Frank that the cocaine was actually for Allen, and, as in Gonzalez, the record contains no facts from which one can infer that
Frank had such knowledge.  A review of
the videotape of the transaction reveals that Cross did not hand the cocaine to
Allen until he was back inside the truck with the doors closed, and Frank had
walked away.  Frank never acknowledged
Allen or spoke to him. As in Gonzalez,
there is no “suggestion in the record that appellant knew that [the contraband]
was being purchased” by Cross “on behalf of a third person.”  See id.
at 577. 

Without evidence that
Frank contemplated the possibility that Cross was not the ultimate transferee,
Frank cannot be guilty of constructively delivering the cocaine to Allen, as
the State charged.  See Gonzalez, 588
S.W.2d at 577–78 (Tex. Crim. App. 1979). 
Having reviewed all the evidence presented at trial in
the requisite light, we follow the Court of Criminal Appeals’ decision in Gonzalez and hold that a rational trier
of fact could not have found beyond a reasonable doubt that Frank
constructively transferred cocaine to Officer Allen because the record contains
no evidence that Frank knew that the cocaine was being purchased on behalf of a
third person.




Conclusion

          We
hold that the evidence is legally insufficient to support the conviction for
the offense charged.[1]  Accordingly, we reverse and render a judgment
of acquittal.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Taft, Jennings, and Bland.

Publish.  Tex.
R. App. P. 47.4.











[1]           We do
not reach Frank’s issue of jury charge error.